972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald W. EVANS, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
Ronald W. EVANS, Plaintiff-Appellant,
v.
Thomas D. RICHARDS, Ronald E. Hagerman, Earnest Huff, et
al., Defendants-Appellees.
 Nos. 91-2955, 91-3027.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 3, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated appeals, Ronald W. Evans, an inmate at the Westville Correctional Center, argues that he was denied procedural due process at a prison disciplinary hearing. In case number 91-2955, he appeals the denial of his petition for habeas corpus relief under 28 U.S.C. § 2254, challenging the district court's refusal to conduct an evidentiary hearing into the facts surrounding the disciplinary hearing. In case number 91-3027, he seeks monetary damages under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. The district court denied his petition for habeas corpus, and dismissed his civil rights claim with prejudice. We affirm.
 
 
 2
 Mr. Evans was charged with offering a bribe to Officer Hagerman, a prison staff member. He was found guilty of this offense after a hearing by the Conduct Adjustment Board (CAB). Officer Hagerman was not present at the hearing,[1] although the conduct report he prepared after the alleged bribery incident and his personal statement were before the CAB. The single issue on appeal in both the habeas corpus petition and the civil rights action is whether Mr. Evans was denied due process by the refusal, without an explanation, of prison officials to allow him to confront and cross-examine Officer Hagerman at the CAB hearing.[2] The district court found no due process violation, and denied the petition for habeas corpus. The section 1983 suit was subsequently dismissed on grounds of res judicata.
 
 
 3
 We agree with the district court's decision that Mr. Evans was not denied due process. In Baxter v. Palmigiano, 425 U.S. 308 (1976), the Supreme Court distinguished between the right of an inmate in a prison disciplinary hearing to call witnesses on his own behalf and his right to confront and cross-examine witnesses. With respect to the latter, the Court held that " '[t]he better course at this time, ... is to leave these matters to the sound discretion of the officials of state prisons.' " Id. at 321-22 (quoting Wolff v. McDonnell, 418 U.S. 539, 569 (1974)). The Court expressly disavowed any requirement that prison officials must give reasons for their refusal to allow confrontation and cross-examination by an inmate. Palmigiano, 425 U.S. at 322. Mr. Evans is thus not automatically entitled to confront and cross-examine Officer Hagerman, nor must prison officials give Mr. Evans an explanation of their decision. Furthermore, he has not alleged that prison officials abused their discretion in his particular case, and we find no evidence of abuse in the record. An evidentiary hearing would not have been helpful.[3]
 
 
 4
 Mr. Evans relies upon a provision of the Indiana Code to support his argument that he has been denied due process of law. Ind.Code § 11-11-5-5. Yet, a federal habeas corpus petition is not the proper vehicle for exploring issues of state law. Only questions of federal law are cognizable through a writ of habeas corpus. 28 U.S.C. § 2254(a); see Bates v. McCaughtry, 934 F.2d 99, 101 (7th Cir.), cert. denied, 112 S.Ct. 318 (1991). The district court did not err in denying Mr. Evans' petition for habeas corpus.
 
 
 5
 Because of the decision in the habeas corpus proceeding, the district court dismissed Mr. Evans' civil rights claim as res judicata. Despite the variance in the named defendants, as Mr. Evans himself acknowledges, "both causes are identical except for the relief." (Reply Brief at 2). The district court's action was appropriate. See Williams v. Ward, 556 F.2d 1143, 1153-54 (2d Cir.), cert. dismissed, 434 U.S. 944 (1977) (principles of res judicata may bar § 1983 action after prior adverse judgment in federal habeas proceeding).
 
 
 6
 The judgments of the district court in cases 91-2955 and 91-3027 are
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Evans alleges that Officer Hagerman was not present at the hearing, although the defendants submit that he was present. We assume for purposes of this appeal that he was in fact absent from the hearing
 
 
 [2]
 In his habeas corpus petition in the district court, Mr. Evans also argued that he had been entrapped by Officer Hagerman as a matter of law. However, he does not raise this issue on appeal
 
 
 [3]
 Mr. Evans states that an evidentiary hearing is necessary to resolve the issue of whether Officer Hagerman was present at the disciplinary hearing. As stated above, however, we have accepted Mr. Evans' version of the facts as true for purposes of our analysis